Delancy
v.
Seymour.

---

MARY JANE DELANCY and others, appellants,
*against*
WILLIAM SEYMOUR, respondent.

Upon a bill for the specific performance of a contract for the sale of lands,
and upon exceptions to the master's report in favor of the title, it appear
ed, that one link in the chain was a deed from L. found among the title
papers accompanying the possession ; but with respect to which the
weight of evidence was, that the deed was not genuine.   By excluding

that deed, the complainant would be reduced to rely upon adverse possession, which was less than twenty-five years. There was slight evidence that L. was an ailen; and if not so, there was no account of his heirs or devisees.

*Held*, to be a proper case for an issue at law

ON appeal from the Court of Chancery.

SANFORD, Chancellor, assigned the reasons for the decretal order of the court below, awarding an issue upon the title of the respondent, as in 1 Hopkins' Ch. Rep. S. C. See that book, p. 436, to 450, for the report of this case in the court below, which presents the same points now passed upon by this court.

The cause was argued here by

*Talcott*, (A. G.) and *S. Jones*, for the appellants; and

*J. Duer* and *J. V. Henry*, for the respondent.

WOODWORTH, J., SAVAGE, Ch. J. and COLDEN, Senator, afterwards discussed the questions argued by counsel, giving their reasons at large to the Court for the opinions they had respectively formed. They all three differed from the Chancellor, and were for a reversal of the decrse; WOODWORTH, J. and COLDEN, Senator, thinking the title, as reported by the master in the court below, sufficient; and that, therefore, there should be a decree for specific performance; and SAVAGE, Ch. Justice, holding the title so doubtful, that the appellants ought not to be compelled to accept it, even though a jury should think it good.

Whereupon, a majority of the Court were for affirming the order of the Chancellor; and it was thereupon

ORDERED, ADJUDGED and DECREED, that the decretal order appealed from, be, &c. affirmed; that the appellants pay to the respondent his costs in this court, to be taxed; nd that the record be remitted to the Court of Chancery, to the end that the decree might be carried into execuiion.

END OF DECEMBER TERM.